IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LINDA PENNELL, REBECCA FUNK, and TONYA SMITH, o/b/o themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CORIZON HEALTH, INC., and DOES 1 - 10, <br><br> Defendants. | Case No. 18-06034-CV-SJ-ODS |

## ORDER AND OPINION DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pending is Plaintiffs' motion for class certification. For the following reasons, the motion is denied without prejudice.

## I. BACKGROUND

Plaintiffs Linda Pennell, Rebecca Funk, and Toni Smith are Missouri Department of Corrections ("MDOC") inmates, incarcerated at the Chillicothe Correctional Center ("CCC") in Chillicothe, Missouri. Plaintiffs' amended complaint alleges, pursuant to 42 U.S.C. § 1983, Defendants MDOC Director Anne Precythe, CCC Warden Chris McBee, and Corizon Health Inc. ("Corizon") provided inhumane conditions and inadequate healthcare at CCC in violation of Plaintiffs' civil rights. Doc. #5. On July 30, 2018, the Court dismissed without prejudice Plaintiffs' claims against Precythe and McBee for failure to exhaust administrative remedies. Doc. #30.

On July 26, 2018, Plaintiffs filed a motion for class certification. Doc. #29. Plaintiffs seek certification of a class of current and future inmates incarcerated at CCC. Although the motion argues a class should be certified based on the inhumane prison conditions, the Court notes Precythe and McBee were dismissed from this suit. Thus,

the Court declines to consider Plaintiffs' allegations against Precythe and McBee in considering the instant motion. Accordingly, Corizon, the contract medical provider at CCC, is the lone defendant. Plaintiffs argue a class should be certified based on Corizon's "inadequate provision of medical care and mental health treatment." Doc. #29, at 9. They contend inmates must wait six months before being seen by a doctor, are expected to wait three or more months for follow-up visits, Corizon is "selectively and arbitrarily determining medical conditions" that receive attention, and Ibuprofen is prescribed as a "universal cure-all." Doc. #5, at 6. While Plaintiff Funk does not cite an injury, Plaintiff Smith alleges Corizon failed to treat her broken collar bone, and Plaintiff Pennell alleges Corizon never treated her, instead only giving her Ibuprofen, after she suffered a dog bite to her face while volunteering at an animal shelter. Doc. #5, at 9.

Corizon opposes Plaintiffs' motion. Doc. #31. Plaintiffs did not filed reply suggestions, and the time to do so has passed. Accordingly, the motion is ripe for the Court's consideration.

## II. DISCUSSION

To certify a class action, the Court must find the putative class meets the requirements found in Rule 23(a) of the Federal Rules of Civil Procedure and fits within one of the categories of Rule 23(b) of the Federal Rules of Civil Procedure. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). Rule 23(a) sets forth four prerequisites all class actions must satisfy:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Amchem*, 521 U.S. at 613. Rule 23(b)(2), which Plaintiffs assert is met here, requires certification of a class where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so

that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The district court must conduct a "rigorous analysis," which does not permit the Court to resolve the merits but requires the Court to "consider[ ]…what the parties must prove." *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006). The district court must also probe behind the pleadings – again, not to resolve the merits, but to understand the facts that will be utilized to support the claims asserted. *E.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011); *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011).

Plaintiffs rely solely on the allegations in their amended complaint in moving for class certification. Although the discovery phase commenced in June 2018, Plaintiffs do not submit evidence, via affidavit or other form, with their motion. The propriety of class action status can seldom be determined on the basis of the pleadings alone. *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977) (citations omitted). The Court must have sufficient material to determine the nature of the allegations, and rule on compliance with the Rule 23's requirements. *Id.* (citations and quotations omitted).

Class certification is inappropriate at this time. With regard to numerosity, the Court cannot determine whether the proposed class is sufficiently numerous. Although a class of current and future CCC inmates is likely greater in size than a nominal number, there is no suggestion Corizon has treated each inmate housed in the facility. Indeed, Plaintiff Funk includes no allegations specific to her that Corizon failed to diagnose or treat a condition.

The greater concern for the Court is the typicality and commonality requirements. Typicality and commonality are related concepts (and both are related to adequacy). *Combs v. Cordish Cos., Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 438154, at *5 (citation omitted). Typicality requires a demonstration that there are other class members who have the same or similar grievances as the plaintiff. *Id.* (citation and quotation omitted). While commonality need not be satisfied as to every question of law and fact, a party seeking class certification must show resolution of common issues advances resolution of individual issues. *Id.*, at *4. Healthcare needs of a particular inmate are

individualized and will vary from inmate to inmate.[1]  Plaintiffs do not identify a policy or procedure utilized by Corizon with any specificity, instead making vague allegations about months-long wait times and a tendency to prescribe Ibuprofen.  Plaintiffs Smith and Pennell allege injuries which Corizon failed to treat, but the nature of the injuries, a broken collar bone and a dog bite, demonstrate the highly individualized aspects of healthcare.  The Court notes Plaintiff Funk makes no allegation of an untreated injury, and thus, it is unclear how Funk could be a class member.

Broadly construed, Plaintiffs' allegation of inadequate healthcare may apply to all proposed class members, but resolution of individual cases will require an analysis of how Corizon's policies or procedures operated to deny an individual's right to care.  Such an analysis is not the type of common question of law appropriate for class certification, not to mention the plethora of different facts pertaining to individual care and treatment.  Moreover, Plaintiffs have not demonstrated typicality of their claims.  Plaintiffs Smith and Pennell have individual treatment issues that are more appropriately considered on an individual basis as opposed to class adjudication.  Accordingly, the Court finds Rule 23's requirements have not been met.

Although the Court denies Plaintiffs' motion for the above reasons, the Court also addresses one of Plaintiffs' adequacy arguments.  "In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to vigorously prosecute the class action."  *Morgan v. United Parcel Serv. of Am., Inc.*, 169 F.R.D. 349, 357 (E.D. Mo. 1996) (citation omitted).  In moving for class certification, Plaintiffs' counsel states, "Plaintiff's [sic] counsel has extensive experience as class counsel in civil rights cases seeking prospective relief."  Doc. #29, at 10.  To support this claim, Plaintiffs' counsel cites four cases from federal district courts in Missouri, suggesting he served as class counsel in these matters.  The Court attempted to independently verify counsel's involvement in these matters, but counsel's name does

---

[1] As an example, Corizon notes its medical professionals provide treatment to pregnant inmates from time to time.  Although obvious, the treatment and care required by a pregnant inmate differs greatly from treatment and care required by other inmates.

not appear on the docket or class certification filings in any of the four matters.[2] The Court can discern no apparent connection or involvement by Plaintiffs' counsel in any of these matters, and a search of the Court's CM/ECF filing system in this District reveals no certified class action matters in which Plaintiffs' counsel has previously been involved. While the Court does not preclude finding counsel adequate if class certification is sought again in this matter, the Court expects counsel's representations to this Court to be accurate and honest. Indeed, counsel has a professional responsibility to act with candor toward the Court. See Mo. S. Ct. R. 4-3.3; see also L. R. 83.6(c). His apparent misrepresentation causes the Court to wonder if that duty has been met here.

### III. CONCLUSION

For the above reasons, the Court denies Plaintiffs' motion for class certification without prejudice.

IT IS SO ORDERED.

DATE: August 27, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] The cases listed by Plaintiffs' counsel are: (1) *Lane v. Lombardi*, Case No. 12-4219-NKL (W.D. Mo.), (2) *Barrett v. Claycomb*, Case No. 11-4242-NKL (W.D. Mo.), (3) *Van Orden v. Meyers*, Case No. 09-971-AGF (E.D. Mo.), and (4) *Bauer v. Jefferson County, Mo.*, Case No. 09-2116-TIA (E.D. Mo.).